(105 App. Div. 376.)

### DUKE v. STUART et al.

(Supreme Court, Appellate Division, First Department. June 16, 1905.)

VENDOR AND PURCHASER—ACTION FOR EARNEST MONEY—RELIEF—SPECIFIC PERFORMANCE.

Where plaintiff sued to recover money which she had paid in part performance of a contract for the purchase of real estate, alleging that the title was defective, she could not obtain a decree for specific performance.

Appeal from Special Term, New York County.

Action by Nellie Duke against Inglis Stuart and others, as executors of William F. Buckley, deceased. From a judgment for defendants (91 N. Y. Supp. 885), plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Harold Swain, for appellant.
W. P. Prentice, for respondents.

INGRAHAM, J. On the 25th day of May, 1903, the defendants, as executors and trustees under the last will and testament of William F. Buckley, deceased, executed a contract whereby they agreed to convey to the plaintiff a certain plot of land on the westerly side of Amsterdam avenue, between 157th and 158th streets, in the city of New York, for the sum of $140,000, of which $5,000 was paid upon the execution of the agreement, and at the same time the defendants Charles R. Buckley and John D. Buckley, individually, executed an agreement to convey to the plaintiff two other pieces of land—one upon the easterly side of the Boulevard, between 157th and 158th streets, and the other, containing 12 lots, located on 157th and 158th streets, between the Boulevard and Amsterdam avenue, in the city of New York—for the sum of $157,000, $5,000 of which was paid upon the execution of the contract. These two contracts were apparently independent of each other; parcel No. 1 being covered by the contract made by the defendants as executors and trustees with the plaintiff, while parcels Nos. 2 and 3 were covered by the contract made by one of the executors individually and his brother. The contracts were both to be closed on the 1st

day of July, 1903, at the office of the attorney for the vendors. Each of the contracts contained a provision that, if the title to the pieces of property affected by such contract should be rejected by the Title Guarantee & Trust Company of New York and the Lawyers' Title Insurance Company of New York as unmarketable, the contract should become null and void as to the said parcel of land, and the $5,000 paid on the execution of the contract and the necessary expense of examination of title, not exceeding $250, should be repaid, and thereupon the entire contract should become null and void. When the time for closing this title arrived, it was found that an action had been commenced which affected the title of the Amsterdam avenue property (parcel No. 1), and that a lis pendens had been filed, by which the property became subject to any judgment that would be entered in that action. The closing of the title under the contract for parcel No. 1 was adjourned to October 1, 1903, and the closing of the contract made by the defendants individually for parcels Nos. 2 and 3 was adjourned to July 6, 1903. The plaintiff accepted a conveyance of parcel No. 3, and paid the consideration agreed to be paid therefor, and there was allowed as a part of that consideration one-half of the $5,000 paid upon the execution of the contract. The time for the closing of the contract for the purchase of parcel No. 2 was then adjourned; counsel for the plaintiff claiming that, by reason of the notice of the pendency of the action which affected the title of parcel No. 1, the plaintiff had actual notice of a claim which would also affect parcel No. 2, and that therefore that title was not marketable. The contract for taking title to parcel No. 2 appears to have been adjourned from time to time until July 31, 1903, but the plaintiff ultimately refused to accept a conveyance of parcel No. 2, upon the ground that the title was not marketable. On October 1st, the date to which the delivery of contract for the sale of parcel No. 1 had been adjourned, the lis pendens had not been removed, although it appeared that a judgment had been entered in the action which had been brought which affected the title to parcel No. 1, dismissing the complaint for a failure to prosecute or by default. Counsel for the plaintiff refused to accept title to parcel No. 1. The defendants tendered the deed, which was refused, and the plaintiff offered to complete if a marketable title was given. Subsequently the plaintiff brought this action, asking that contract for parcel No. 1 be reformed so as to express the actual agreement between the parties, which was that the purchase was for the whole plot, consisting of the three separate parcels, so that, if the defendants were unable to give a good title to any one parcel, both contracts should be void, and the plaintiff entitled to recover the amount paid upon the contract, with the expense of the examination of title, and, that contract having been thus reformed, that the plaintiff recover of the defendant the sum of $5,000 paid on the contract, together with the amount paid for the examination of title. Evidence was given tending to show that the actual transaction was a sale of all three pieces of property as one transaction, and that two contracts were made because of

the fact that parcel No. 1 was owned by the defendants as executors, while parcels Nos. 2 and 3 were owned by the vendors individually; but when these contracts were finally executed nothing was said about there being any understanding that the sale of these separate parcels depended upon a marketable title being given to all three of the parcels. The defendants denied making any such agreement as claimed by the plaintiff, or that the two contracts were in any way dependent upon each other. The trial court found against the plaintiff—that the contracts could not be reformed—and thereupon directed judgment dismissing the complaint.

The court, in dismissing the complaint, however, directed that the judgment should be without prejudice to a new suit to recover from the defendants the $5,000 and the expense of examining the title, upon the ground that the defendants had failed to tender a marketable title to the property. The action having been treated by both parties as an action in equity for equitable relief, which was based upon a mistake in not inserting in the contract the actual understanding of the parties, whether such relief could be granted depended upon a question of fact for the decision of the trial court; and, that fact having been found against the plaintiff upon evidence sufficient to sustain the finding, we are not justified in reversing the judgment.

Upon the trial the plaintiff also stated that, in the event that the court should refuse to award the relief asked for in the complaint, the plaintiff would ask to have the contract specifically enforced, so that she could complete the contract, and she now claims that she was entitled to such a judgment. There is no such claim, however, made in the complaint. The allegation is that the defendants were unable to give a good and marketable title to the property. The plaintiff has stood upon that position ever since the day on which the contract was to be performed. No issue was presented by the pleadings as to whether or not the plaintiff was entitled to a decree of specific performance, but, on the contrary, the complaint alleges that the title of the defendants to the premises is not marketable, and that for that reason the plaintiff was entitled to recover back the amount that she had paid upon the execution of the contract. To decree a specific performance of a contract for the conveyance of real property in an action which is entirely based upon an allegation that the vendor's title to the property is not marketable would be changing the cause of action, and granting relief to which, upon the allegations of the complaint, the plaintiff was not entitled. We would not, therefore, be justified in reversing the judgment to allow the plaintiff to obtain relief to which she was not entitled upon the facts alleged in the complaint, and for which she made no demand for judgment.

In view of the findings of the trial court, which I think are sustained by the evidence, I do not think the plaintiff was entitled to any relief; and the judgment appealed from must therefore be affirmed, with costs. The judgment entered upon this appeal, however, is not to be a bar to an action by the plaintiff, either for a

specific performance of the contract, or for a recovery at law of the amount paid by the plaintiff upon the execution of the contract, **with** the disbursements for examining the title.   All concur.